# UNITED STATES DISTRICT COURT
for the

Southern District of Illinois

| | | |
|---|---|---|
| USA<br>*Plaintiff*<br>v.<br>MICHAEL N. COOK<br>*Defendant* | )<br>)<br>)<br>)<br>) | Case Number:  13-cr-30111 |

## ORDER REGARDING PRE-TRIAL
## DISCOVERY AND MOTION PRACTICE

**IT IS HEREBY ORDERED** that:

(1) Within **7 days** after arraignment the United States Attorney and the defendant's attorney shall confer, and each shall comply with the provisions of Federal Rule of Criminal Procedure 16 regarding disclosure of evidence.

(2) A declination of any requested disclosure shall be in writing, directed to opposing counsel, and signed personally by the attorney representing the declining party.  It shall specify the types of disclosure that are declined.  Any party seeking to challenge the declination shall proceed pursuant to subsection (3) below.

(3) If additional discovery is sought, the party seeking it shall confer with opposing counsel within **14 days** of the arraignment and attempt to satisfy these requests in a cooperative atmosphere without involvement by the court.  The request may be oral or written, and the opposing counsel shall respond in like manner.

(4) If  no agreement is reached regarding the additional discovery, a motion shall be filed within **28 days** of the arraignment and supported by a memorandum of law. The motion shall contain:

    (a) a statement that the prescribed conference was held;

    (b) the date of the conference;

    (c) the name of the attorneys participating in the conference; and

    (d) a statement that agreement could not be reached concerning the discovery that is the subject of the motion.

  (5) If a party desires to file any other motion, **including a motion to dismiss the indictment or a motion to suppress**, the motion shall be filed within **21 days** of the arraignment and supported by a memorandum of law. The opposing party shall file a response within **14 days** of the date the motion was filed, unless otherwise ordered by the court.

  (6) If defendant is placed in the custody of the United States Marshals Service at any time during the pendency of this action, upon receipt of written communication from the United States Attorney's Office which states that the Assistant United States Attorney and counsel for defendant agree and consent to temporarily transfer custody of defendant, the United States Marshals Service is authorized to temporarily transfer custody of defendant to another federal law enforcement agency for the purpose of furthering a legitimate law enforcement purpose. The transfer shall be done in coordination with and at the direction of the United States Marshals Service. If defendant's custody is temporarily transferred to a federal law enforcement agency pursuant to this authority, federal law enforcement agents to whom custody is transferred shall be present with defendant at all times.  Agents of that federal law enforcement agency shall be responsible for the safe and secure custody and well-being of defendant while defendant is in the temporary custody of that federal law enforcement agency.

  **DATED: May 24, 2013**

                *s/ Clifford J. Proud*
                HON. CLIFFORD J. PROUD
                UNITED STATES MAGISTRATE JUDGE