FILED
NOV -8 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 13-cr-30111-JBM |
| vs. | ) | |
| | ) | |
| MICHAEL N. COOK, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorneys for the Government and the attorneys for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

### I.

1. By pleading guilty, the Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count and $25 per Class A misdemeanor count. Defendant agrees that the full amount of the special assessments will be paid prior to or at the time of sentencing.

6. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. §5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United

States Courts pertaining to the fiscal year 2012, are, for imprisonment: $2,412.33 per month; for community confinement: $2,244.17 per month; and for supervision: $278.95 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9. The Defendant understands and agrees that if Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the pleas of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to the Information, which charges violations of the following statutes (which, in turn, carry the following penalties):

| Count | Statute | Charge | Statutory Penalty |
| --- | --- | --- | --- |
| 1 | 18 USC §§ 922(g)(3); 924(a)(2) | Unlawful User in Possession of Firearm | 0 to 10 years in prison; up to $250,000 fine; up to 3 years MSR; $100 special assessment |
| 2 | 21 USC § 844(a) | Possession of a Controlled Substance (Heroin) | NMT 1 year in prison; NLT $1,000, up to $100,000 fine; reasonable costs of prosecution; NMT 1 year MSR; $25 special assessment |

2. The Government and the Defendant agree that the following constitute the essential elements of the offenses, and Defendant admits that Defendant's conduct violated these essential elements of the offenses:

| Count | Statute | Charge | Elements |
| --- | --- | --- | --- |
| 1 | 18 USC §§ 922(g)(3); 924(a)(2) | Unlawful User in Possession of Firearm | 1. First, that prior to May 23, 2013, the defendant was an unlawful user of a controlled substance; 2. That on May 23, 2013, the defendant knowingly possessed a firearm; and 3. That the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date. |

4

| Count | Statute | Charge | Elements |
|-------|---------|--------|----------|
| 2 | 21 USC § 844(a) | Possession of a Controlled Substance (Heroin) | 1. The defendant knowingly or intentionally possessed a controlled substance. |

3. The Government and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 8, a Criminal History Category of I, a sentencing range of 0 to 6 months, and a fine range of $1,000 to $5,000. **The Government and Defendant agree, however, that the appropriate sentence to be imposed, considering all of the factors in Title 18, United States Code, Section 3553(a), is eighteen months of imprisonment, a fine within the Guideline range, appropriate costs of incarceration and supervision, and a three year term of supervised release following incarceration. The Government will waive and not seek costs of prosecution because it has no reimbursable costs as those are defined in Title 28, United States Code, Sections 1918 and 1920.**

**The Defendant understands that the Court did not participate in this agreement, thus, the Court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection of the agreement until there has been an opportunity to consider the presentence report, pursuant to Rule 11(c)(3)(A). Defendant understands that Defendant will not be able to withdraw the pleas of guilty, once entered, except as provided under Rule 11(c)(5)(D). Defendant fully agrees to this term of incarceration, as well as the fines and costs associated with it.**

4. Defendant and the Government agree that the Base Offense Level in this case for Count 1 is 6 pursuant to U.S.S.G. §2K2.1(a)(6), (b)(1)(D), and (b)(2). For Count 2, the Base

5

Offense Level is 8 pursuant to U.S.S.G. §2D2.1(a)(1). Applying the grouping rules set forth in U.S.S.G. §3D1.1-5 results in an Adjusted Base Offense Level of 10.

5. Defendant and the Government agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. §3.A.

6. Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under §3B1.1) nor decreased (under §3B1.2).

7. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. §3C1.1, the Defendant's base offense level should not be increased.

8. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 2 Levels, reducing the Offense Level from 10 to Offense Level 8. See U.S.S.G. §3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any illegal acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

9. Defendant and the Government submit that it appears that Defendant has amassed no known Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is I. The Defendant and the Government arrived at this Category based upon the following information:

**NONE KNOWN**

Defendant expressly recognizes that the final calculation of Criminal History will be determined by the Court after considering the Presentence Report, the views of the parties, and

any evidence submitted before sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, Defendant will not be able to withdraw the pleas of guilty.

10. The Defendant understands that the Government will recommend the imposition of a fine, and that a minimum $1,000 fine is mandatory in this case. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11. **Defendant and the Government agree that the appropriate sentence to be imposed, after consideration of Title 18, United States Code, Section 3553(a) factors is eighteen months in prison, the appropriate fine, costs of imprisonment and supervision and a three year term of supervised release following the term of incarceration.**

### III.

1. The Defendant understands that by pleading guilty, Defendant is waiving all *appeal* ✓ appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. The Defendant

7

acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

    3.    Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. §1B1.10). The Government reserves the right to oppose such claims for relief.

    4.    Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

    5.    Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

## FORFEITURE AGREEMENT

1. Defendant Michael N. Cook agrees to forfeit, pursuant to 18 U.S.C. § 924(d)(1), all firearms and ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(g)(3). The firearms and ammunition to be forfeited include, but are not limited to:

*See Attached List*

2. Defendant agrees that the property may be forfeited administratively, civilly, or criminally at the discretion of the United States Government. Defendant withdraws any claims or defenses which he has asserted or could assert with respect to any of these forfeitures and agrees that an order of forfeiture may be entered without further notice to him or a hearing.

3. Defendant stipulates that he is the sole owner (except for the rights of the United States created by the asset forfeiture statutes) of the above-described property and that no other person or entity has any right, title, or interest in any of the property.

4. Defendant agrees that the United States may, at its discretion and at any time, destroy the property without completing the forfeiture process.

5. Defendant agrees that he is not entitled to and will not seek any compensation or damages from the United States or any governmental entity, or any of their officers, agents, or employees, for the destruction of or the forfeiture of the above-described property.

**V.**

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
MICHAEL N. COOK
Defendant

_____
JAMES L. PORTER
First Assistant United States Attorney

_____
SUZANNE M. GARRISON
Assistant United States Attorney

_____
J. WILLIAM LUCCO
Attorney for Defendant

_____
THOMAS Q. KEEFE, JR.
Attorney for Defendant

_____
THOMAS Q. KEEFE, III
Attorney for Defendant

Date: _____
11/8/13

10